## UNITED STATES v. FRY.
### No. 3630.

Circuit Court of Appeals, Fourth Circuit.
June 11, 1934.

Thomas E. Walsh, of Washington, D. C., Atty., Department of Justice, and George I. Neal, U. S. Atty., of Huntington, W. Va. (Okey P. Keadle, Asst. U. S. Atty., of Huntington, W. Va., and Will G. Beardslee, of Washington, D. C., Director, Bureau of War Risk Litigation, on the brief), for the United States.

Samuel Biern, of Huntington, W. Va., for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and WEBB, District Judge.

PER CURIAM.

This is an appeal in a war risk insurance case. Plaintiff was gassed in battle and was discharged from the army suffering from what was then diagnosed as chronic bronchitis caused by the gas. He has developed tuberculosis; and the symptoms to which he testified, taken in connection with the evidence of physicians who testified in his behalf, would justify the conclusion that the bronchitis with which he has been suffering since his discharge from the army is tubercular in character. No work record of any consequence is shown; and there is testimony of a number of witnesses that he has been unable to work. The government relies upon a vocational training record in which the insured reported work as done by him over a considerable period of time; but he testified that this record referred to work which he had hired others to do for him, and that he himself had done but a small part of the work reported. It is significant that vocational training attempted in 1921 was abandoned on account of the condition of his health, and that the report of a government physician shows that he was suffering from active tuberculosis shortly after training was commenced again in 1924. The last training given him was in poultry raising; and he was unable to carry on this business because he was able to do so little work himself that the cost of the hired labor necessary to carry it on was prohibitive. When we view the evidence, as we must on motion for directed verdict, in the light most favorable to plaintiff, we cannot say that it was not sufficient to carry the case to the jury on the issue of total and permanent disability. Viewed in this light, it shows that insured since his discharge from the army has been physically unable to follow with reasonable regularity any substantially gainful occupation, and justifies the inference that hopes of rehabilitation entertained when vocational training was attempted were in fact unfounded and that the disability was of a permanent character from the beginning. The motion for directed verdict was therefore properly denied. The exceptions addressed to the admission of testimony disclose no prejudicial error and do not warrant discussion. The judgment appealed from will be affirmed.

Affirmed.